1  Jane L. Froyd (State Bar No. 220776)
   JONES DAY
2  1755 Embarcadero Road
   Palo Alto, California 94303
3  Telephone:     (650) 739-3939
   Facsimile:     (650) 739-3900
4  jfroyd@jonesday.com

5  Attorney for Plaintiffs
   BMW OF NORTH AMERICA, LLC and
6  BAYERISCHE MOTOREN WERKE AG

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12  BMW OF NORTH AMERICA, LLC and          Case No. 3:13-cv-04058-WHA
    BAYERISCHE MOTOREN WERKE AG,
13                                         ~~STIPULATION AND [PROPOSED]~~
                   Plaintiffs,             **ORDER REGARDING DISCOVERY**
14                                         **OF ELECTRONICALLY STORED**
            v.                             **INFORMATION** ~~FOR STANDARD~~
15                                         ~~LITIGATION~~
    VALERY MIFTAKHOV, d/b/a ELECTRIC
16  MOTOR WERKS, and EMOTORWERKS,
    LLC,
17
                   Defendants.
18

19

20

21

22

23

24

25

26

27

28

1

**1.     PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case

as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the

Discovery of Electronically Stored Information, and any other applicable orders and rules.

**2.     COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to

cooperate in good faith throughout the matter consistent with this Court's Guidelines for the

Discovery of ESI.

**3.     LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable

about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or

have access to those who are, knowledgeable about the technical aspects of e-discovery, including

the location, nature, accessibility, format, collection, search methodologies and production of ESI

in this matter.  The parties will rely on the liaisons, as needed, to confer about ESI and to help

resolve disputes without court intervention.

**4.     PRESERVATION AND PRODUCTION**

The parties have discussed their preservation obligations and needs and agree that

preservation of potentially relevant ESI will be reasonable and proportionate.  To reduce the costs

and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

       (a)    Only ESI created or received between August 30, 2010 and August 30,

           2013 will be preserved.

       (b)    All documents will be exchanged on discs, by e-mail, or other digital

           storage medium (including but not limited to "zip" files and FTP transfer);

       (c)    The parties will produce ESI either as single-page, black and white Group

           IV .tiff images or as searchable PDF files.  The parties shall meet and

           confer to decide what file format(s) in which to produce ESI.  The ESI

           shall be produced with production numbers, and appropriate image-based

           or data "load" files, as necessary.  If applicable, the parties shall meet and

confer on the appropriate "load" files to accompany their respective

document productions.  At a minimum, the "load" files must provide the

location and unitization of the .tiff files.  Native files of ESI may be

produced at the producing party's discretion when reasonably necessary to

make the information contained therein accessible (this would include, for

example, spreadsheets or other data compilations) and upon reasonable

request of the requesting party.  To the extent the ESI already existed in

text searchable format independent of this litigation, the ESI shall be

produced with searchable text.

(d)     The parties will not be required to produce metadata accompanying

otherwise responsive ESI absent a showing of good cause; and the parties

are not required to preserve metadata fields accompanying otherwise

responsive ESI that are frequently updated in the ordinary course of

business such as last-opened dates.

(e)     Absent a showing of good cause, no party need restore any form of media

upon which backup data is maintained in a party's normal or allowed

processes, including but not limited to backup tapes, disks, SAN, and other

forms of media, to comply with its discovery obligations in the present

case.

(f)     Absent a showing of good cause, voice-mails, PDAs and mobile phones are

deemed not reasonably accessible and need not be collected and preserved.

(g)     General ESI production requests under Federal Rules of Civil Procedure 34

and 45 shall not include e-mail, instant messages, or other forms of

electronic correspondence (collectively "e-mail").  To obtain e-mail,

parties must propound specific e-mail production requests, which must be

on specific issues, rather than general discovery of a product or business.

**5.      SEARCH**

Absent a showing of good cause, e-mail production requests shall be limited to five (5)

1    custodians selected by the requesting party.  The e-mail production requests shall identify the

2    custodian by name and specific date range for the search of the proposed responsive ESI.  Each

3    requesting party shall limit its e-mail production requests to a total of five (5) search terms per

4    custodian.  The search terms shall be narrowly tailored to particular issues.  Indiscriminate terms,

5    such as the producing company's name or its product name, are inappropriate unless combined

6    with narrowing search criteria that sufficiently reduce the risk of overproduction.  A conjunctive

7    combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and

8    shall count as a single search term.  A disjunctive combination of multiple words or phrases (*e.g.*,

9    "computer" or "system") broadens the search, and thus each word or phrase shall count as a

10   separate search term unless they are variants of the same word.  Use of narrowing search criteria

11   (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production.

12          **6.      DOCUMENTS PROTECTED FROM DISCOVERY**

13                  (a)      Pursuant to Rule 502(d) of the Federal Rules of Evidence, the inadvertent

14                           production of a privileged or work-product-protected ESI is not a waiver in

15                           the pending case or in any other federal or state proceeding.  The

16                           production of later claimed privileged material within the ESI produced in

17                           this litigation shall be considered an inadvertent production under Rule 502

18                           and shall not itself constitute a waiver for any purpose.

19                  (b)      Communications involving trial counsel that post-date the filing of the

20                           complaint need not be placed on a privilege log.  Communications may be

21                           identified on a privilege log by category, rather than individually, if

22                           appropriate.

23          **7.     MODIFICATION**

24          This Stipulated Order may be modified by a Stipulated Order of the parties or by the

25   Court for good cause shown.  ~~The Court shall consider contested requests for up to five (5)~~

26   ~~additional custodians per producing party, upon showing a distinct need based on the size,~~

27   ~~complexity and issues of this specific case.~~  Should a party serve e-mail production requests for

28   additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant

to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

     **IT IS SO STIPULATED**, through Counsel of Record.

Dated:  December 5, 2013           JONES DAY


By: /s/ Jane L. Froyd
      Jane L. Froyd

Counsel for Plaintiffs
BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AG

In accordance with Civil Local Rule 5-1(i)(3), the above signatory attests that concurrence in the filing of this document has been obtained from the signatory below.

Dated:  December 5, 2013           TRANSPACIFIC LAW GROUP


By: /s/ Pavel Pogodin
      Pavel Pogodin

Counsel for Defendants
VALERY MIFTAKHOV, d/b/a
ELECTRIC MOTOR WERKS, and
EMOTORWERKS, LLC

     **IT IS ORDERED** that the forgoing stipulation with modifications is approved.


DATED: ___December 6, 2013.___

IT IS SO ORDERED
AS MODIFIED

Judge William Alsup

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA