1  Jane L. Froyd (State Bar No. 220776)
   JONES DAY
2  1755 Embarcadero Road
   Palo Alto, California 94303
3  Telephone:      (650) 739-3939
   Facsimile:      (650) 739-3900
4  jfroyd@jonesday.com

5  Attorney for Plaintiffs
   BMW OF NORTH AMERICA, LLC and
6  BAYERISCHE MOTOREN WERKE AG

7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  BMW OF NORTH AMERICA, LLC and           Case No. 3:13-cv-04058-WHA
    BAYERISCHE MOTOREN WERKE AG,
13                                          ~~STIPULATION AND [PROPOSED]~~
                                            **ORDER REGARDING DISCOVERY**
14              Plaintiffs,                 **OF ELECTRONICALLY STORED**
                                            **INFORMATION** ~~FOR STANDARD~~
15          v.                              ~~LITIGATION~~

16  VALERY MIFTAKHOV, d/b/a ELECTRIC
    MOTOR WERKS, and EMOTORWERKS,
17  LLC,

18              Defendants.

19

20

21

22

23

24

25

26

27

28

1

**1.     PURPOSE**

2

This Order will govern discovery of electronically stored information ("ESI") in this case

3

as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the

4

Discovery of Electronically Stored Information, and any other applicable orders and rules.

5

**2.     COOPERATION**

6

The parties are aware of the importance the Court places on cooperation and commit to

7

cooperate in good faith throughout the matter consistent with this Court's Guidelines for the

8

Discovery of ESI.

9

**3.     LIAISON**

10

The parties have identified liaisons to each other who are and will be knowledgeable

11

about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or

12

have access to those who are, knowledgeable about the technical aspects of e-discovery, including

13

the location, nature, accessibility, format, collection, search methodologies and production of ESI

14

in this matter.  The parties will rely on the liaisons, as needed, to confer about ESI and to help

15

resolve disputes without court intervention.

16

**4.     PRESERVATION AND PRODUCTION**

17

The parties have discussed their preservation obligations and needs and agree that

18

preservation of potentially relevant ESI will be reasonable and proportionate.  To reduce the costs

19

and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

20

(a)     Only ESI created or received between August 30, 2010 and August 30,

21

2013 will be preserved.

22

(b)     All documents will be exchanged on discs, by e-mail, or other digital

23

storage medium (including but not limited to "zip" files and FTP transfer);

24

(c)     The parties will produce ESI either as single-page, black and white Group

25

IV .tiff images or as searchable PDF files.  The parties shall meet and

26

confer to decide what file format(s) in which to produce ESI.  The ESI

27

shall be produced with production numbers, and appropriate image-based

28

or data "load" files, as necessary.  If applicable, the parties shall meet and

confer on the appropriate "load" files to accompany their respective document productions.  At a minimum, the "load" files must provide the location and unitization of the .tiff files.  Native files of ESI may be produced at the producing party's discretion when reasonably necessary to make the information contained therein accessible (this would include, for example, spreadsheets or other data compilations) and upon reasonable request of the requesting party.  To the extent the ESI already existed in text searchable format independent of this litigation, the ESI shall be produced with searchable text.

(d)   The parties will not be required to produce metadata accompanying otherwise responsive ESI absent a showing of good cause; and the parties are not required to preserve metadata fields accompanying otherwise responsive ESI that are frequently updated in the ordinary course of business such as last-opened dates.

(e)   Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

(f)   Absent a showing of good cause, voice-mails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

(g)   General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include e-mail, instant messages, or other forms of electronic correspondence (collectively "e-mail").  To obtain e-mail, parties must propound specific e-mail production requests, which must be on specific issues, rather than general discovery of a product or business.

**5.   SEARCH**

Absent a showing of good cause, e-mail production requests shall be limited to five (5)

1    custodians selected by the requesting party.  The e-mail production requests shall identify the

2    custodian by name and specific date range for the search of the proposed responsive ESI.  Each

3    requesting party shall limit its e-mail production requests to a total of five (5) search terms per

4    custodian.  The search terms shall be narrowly tailored to particular issues.  Indiscriminate terms,

5    such as the producing company's name or its product name, are inappropriate unless combined

6    with narrowing search criteria that sufficiently reduce the risk of overproduction.  A conjunctive

7    combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and

8    shall count as a single search term.  A disjunctive combination of multiple words or phrases (*e.g.*,

9    "computer" or "system") broadens the search, and thus each word or phrase shall count as a

10   separate search term unless they are variants of the same word.  Use of narrowing search criteria

11   (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production.

12          **6.      DOCUMENTS PROTECTED FROM DISCOVERY**

13                (a)      Pursuant to Rule 502(d) of the Federal Rules of Evidence, the inadvertent

14                         production of a privileged or work-product-protected ESI is not a waiver in

15                         the pending case or in any other federal or state proceeding.  The

16                         production of later claimed privileged material within the ESI produced in

17                         this litigation shall be considered an inadvertent production under Rule 502

18                         and shall not itself constitute a waiver for any purpose.

19                (b)      Communications involving trial counsel that post-date the filing of the

20                         complaint need not be placed on a privilege log.  Communications may be

21                         identified on a privilege log by category, rather than individually, if

22                         appropriate.

23          **7.      MODIFICATION**

24          This Stipulated Order may be modified by a Stipulated Order of the parties or by the

25   Court for good cause shown.  ~~The Court shall consider contested requests for up to five (5)~~

26   ~~additional custodians per producing party, upon showing a distinct need based on the size,~~

27   ~~complexity and issues of this specific case~~.  Should a party serve e-mail production requests for

28   additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant

SVI-136414v1

STIPULATION AND [PROPOSED] ORDER
Case No. 3:13-cv-04058-WHA

1   to this paragraph, the requesting party shall bear all reasonable costs caused by such additional

2   discovery.

3        **IT IS SO STIPULATED**, through Counsel of Record.

4   Dated:  December 5, 2013                JONES DAY

5

6                                          By: /s/ Jane L. Froyd
                                               Jane L. Froyd
7

8                                          Counsel for Plaintiffs
                                           BMW OF NORTH AMERICA, LLC and
                                           BAYERISCHE MOTOREN WERKE AG
9

10  In accordance with Civil Local Rule 5-1(i)(3), the above signatory attests that concurrence in the

11  filing of this document has been obtained from the signatory below.

12  Dated:  December 5, 2013                TRANSPACIFIC LAW GROUP

13

14                                         By: /s/ Pavel Pogodin
                                               Pavel Pogodin
15

16                                         Counsel for Defendants
                                           VALERY MIFTAKHOV, d/b/a
                                           ELECTRIC MOTOR WERKS, and
17                                         EMOTORWERKS, LLC

18

19       **IT IS ORDERED** that the forgoing stipulation with modifications is approved.

20

21

22  DATED: _December 6, 2013._____

23

24                                         IT IS SO ORDERED
                                           AS MODIFIED

25                                         Judge William Alsup

26

27

28

SVI-136414v1                                      ~~STIPULATION AND [PROPOSED]~~ ORDER
                                 - 5 -             Case No. 3:13-cv-04058-WHA